UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASPREET M.,

            Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

CASE NO. C23-1583-BAT

**ORDER REVERSING AND REMANDING THE CASE**

       Plaintiff appeals the ALJ's decision finding her not disabled. After conducting a hearing, the ALJ issued a decision finding lumbar degenerative disc disease, trigeminal neuropathy residuals from face injury, headaches, depressive disorder, and anxiety disorder are severe impairments; Plaintiff has the residual functional capacity (RFC) to perform light work with additional limitations; Plaintiff cannot perform past work but is not disabled because she can perform other jobs in the national economy. Tr. 17-35.

       Plaintiff contends the ALJ harmfully failed to provide "legally sufficient reasoning for not accommodating the absences and time off task cause by Plaintiff's migraines" and seeks remand for an immediate award of benefits or, in the alternative, for further administrative proceedings. Dkt. 7 at 1. The Court finds the ALJ harmfully erred and REVERSES the

ORDER REVERSING AND REMANDING THE CASE - 1

1   Commissioner's final decision and REMANDS the case for further administrative proceedings

2   under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

The Court may reverse the ALJ's decision only if it was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed if the ALJ committed harmless error. *Id.* at 1111. The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's interpretation. *Id*.

Plaintiff contends ALJ erroneously discounted her testimony about the impact her headaches have on her ability to function, and misevaluated Dr. Goldstein's opinion that Plaintiff's headaches would cause her to miss work several times a week and would moderately limit ability to perform work 50% of the time when she was experiencing migraines.

### A.      Plaintiff's Testimony

In considering Plaintiff's testimony the ALJ did not find malingering and was therefore required to provide clear and convincing reasons to reject her testimony supported by substantial evidence. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). In other words, an ALJ's finding that a claimant's testimony is not credible must be "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain."

*Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). A conclusory statement rejecting a claimant's testimony that fails to identify specifically which statements the ALJ found not credible and why is not sufficient to reject a claimant's testimony, even when that statement is followed by a summary of the evidence. *Id.*

The ALJ found Plaintiff's testimony was out of proportion to the objective findings, her presentations at examination, and her own statements. Tr. 27. In support, the ALJ discussed MRI and CT scans showing a normal neck and minor leukoencephalopathy of the brain, mild deformations of the facial structure, herniated disk, mild narrowing without significant stenosis and mainly normal knees. *Id.* The ALJ also listed providers' observations at appointments, and plaintiff's reports to providers at appointments. Tr. 27-28.

Plaintiff contends, and the Court agrees, the ALJ mainly described findings that are irrelevant to Plaintiff's headaches and thus these findings are not substantial evidence that contradicts her testimony about the severity of her headaches. Dkt. 7 at 6. Findings such as imaging of areas affected by her facial injury, her back, and her knees do not undermine her complaints regarding headaches. The same is true as to findings of normal range of motion, strength, reflexes, gait, and speech. As most of the findings are the ALJ identifies are not insufficiently specific to reject plaintiff's statements about her headaches, the ALJ erred. *See Brown-Hunter*, 806 F.3d at 493.

The ALJ also addressed certain records that are specific to plaintiff's headaches. The ALJ noted in January 2021, approximately one month after surgery to remove hardware placed after her 2013 facial injury, plaintiff reported she had had only two headaches since the surgery. Tr. 28, 477. Plaintiff argues that subsequent treatment notes show any improvement was short-lived. Dkt. 7 at 6. She notes by August 2021 she reported she was experiencing almost daily head pain,

ORDER REVERSING AND REMANDING THE CASE - 3

and in November 2021 she reported headaches that were stable from when they had started two years before. Tr. 626, 632. The ALJ identified only one statement, made during the immediate post-operative period, where plaintiff reported less frequent headaches. Plaintiff otherwise consistently reported ongoing, frequent headaches throughout the record. When considering the overall record, the single statement the ALJ noted is not substantial evidence that contradicts Plaintiff's statements about headaches.

The ALJ also noted the medical record does not show Plaintiff went to an emergency room for severe chronic frequent headaches. Tr. 28. Plaintiff contends she takes narcotic and nerve pain medications that are ineffective in relieving her headaches, her headache symptoms did not improve with other more targeted medications, and as her headaches will pass with time and there is no reason to seek emergency care unless her headaches presented in an unusual manner or persisted for an unusual length of time. Dkt. 7at 7.

The ALJ did not explain why the lack of emergency room care undercuts Plaintiff's testimony. The ALJ's finding implies Plaintiff's headaches is a condition that is not too severe because if it were, she would have gone to the emergency room. However, this is an unreasonable conclusion because Plaintiff's headache condition is not a condition that necessarily calls out for emergency care. As Plaintiff submits, she knows that while her headaches are painful and debilitating, she also knows they will pass. Given her experience with her headaches, it is understandable why she did not go to the emergency room when she had a headache.

The ALJ's finding might also imply Plaintiff's testimony should be discounted on the grounds she has not adequately explained why she did not seek treatment or follow a prescribed course of treatment. *See Trevizo v. Berryhill*, 871 F.3d 664, 679-80 (9th Cir. 2017). Here, there is

no dispute Plaintiff takes her prescribed pain medications which appears to be her primary treatment. But the record does not indicate that any medical professional directed Plaintiff to seek care at the emergency room in the event of a headache. Substantial evidence thus does not support a finding that Plaintiff's testimony should be discounted for failing to follow a course of treatment when no provider recommended that she undergo emergency treatment when having a headache.

The ALJ also found plaintiff's daily activities were inconsistent her testimony. Tr. 30. Plaintiff argues the activities the ALJ cited, which included taking care of her personal hygiene, performing household tasks, caring for her son, driving, shopping, and attending family gatherings, do not contradict her testimony about the impact of headaches on her. Dkt. 7 at 8.

Daily activities that are transferrable to a work setting may be grounds for an adverse credibility finding. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). But daily activities that do not contradict a claimant's other testimony or meet the threshold for transferrable work skills cannot form the basis of an adverse credibility determination. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The ALJ did not find Plaintiff's daily activities are transferrable to a workplace. The ALJ noted Plaintiff can with some difficulty and with breaks care for her personal hygiene; that she can make simple meals, watch her son, do light cleaning, walk for 10 minutes, drive, shop two a week and go to family gatherings. Tr. 30. These minimal activities do no contradict Plaintiff's testimony. Accordingly substantial evidence does not support the ALJ's finding that her activities undermine her testimony about the impact headaches have on her functioning. The Court thus finds the ALJ erred in discounting Plaintiff's testimony about the impact of her headaches on her ability to function.

ORDER REVERSING AND REMANDING THE CASE - 5

B.   **Medical Opinion Evidence**

The ALJ considers the persuasiveness of medical opinions using five factors (supportability, consistency, relationship with claimant, specialization, and other); supportability and consistency are the two most important factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2), (c) (2017). The ALJ must explain how persuasive he or she finds a medical opinion(s) and/or a prior administrative medical finding(s) based on these two factors. 20 C.F.R. §§ 404.1520c(b), 416.920c(b) (2017). The ALJ may, but is not required to, explain how he or she considered the other remaining factors, unless the ALJ finds that two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported and consistent with the record, but not identical. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3) (2017). Nevertheless, an ALJ cannot reject a doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

Plaintiff contends the ALJ misevaluated the opinions of treating doctor Laura Goldstein, M.D. Plaintiff contends Dr. Goldstein is the only medical source that explicitly discussed the impact of headaches on Plaintiff's ability to perform work. Dr. Goldstein opined Plaintiff would miss work several times a week and that Plaintiff was moderately limited in her ability to sustain work activity 50% of time and was even more limited when she was having a migraine headache. Tr. 443-45.

The ALJ found persuasive Dr. Goldstein's opinions about Plaintiff's lifting and carrying limitations, need to have a sit/stand option, and that Plaintiff's medications can cause "distraction." Tr. 31. The ALJ also acknowledged Plaintiff has blurred vision and would experience more headache and body pain with temperature extremes and thus has environmental

and hazard limitations. However, the ALJ's rejected Dr. Goldstein's opinion that Plaintiff would miss work on the grounds the doctor provided "little or no rationale" explanation in support.

The ALJ is required to assess the supportability of a medical opinion. While the ALJ may reject medical opinions that lack detail or explanation, the ALJ errs when the record including the doctor's own treatment notes support the opinion and are overlooked by the ALJ. *Burrell v. Colvin,* 775 F3d 1133, 1140 (9th Cir. 2014); *see also Revels v. Berryhill,* 874 F.3d 648, 663 (9th Cir. 2017) (ALJ erred in rejecting treating physician's opinion as supported by "little explanation," where record included treatment notes supporting the opined limitations); *Carrie V. v. Commissioner of Social Security*, 2021 WL 12177948 at * 2 (W.D. Wash. Oct. 5, 2021) ("An ALJ may not reject a brief, conclusory opinion from a treating physician, including those of the "check-box" form, if the opinion is consistent with the plaintiff's testimony and with the doctor's treatment notes.").

Here, Dr. Goldstein indicated she is a treating doctor. The "Physician Opinion" form that the doctor used in presenting her opinions states "to determine your patient's ability to do work-related activities on a full-time day-to day basis in a competitive work setting, please give us your opinion – based on your examination and your review of medical records/tests/information from previous medical providers." Tr. 439. The ALJ accordingly erred in rejecting Dr. Goldstein's opinions as unsupported without discussing or recognizing the doctor's treatment records.

The ALJ discussed portions of the medical record and Plaintiff's activities in discounting Dr. Goldstein's opinions about Plaintiff's physical limitations. Tr. 32. The ALJ noted MRI imaging results of Plaintiff's back, Plaintiff's presentation upon examination, improvement in Plaintiff's physical functioning and Plaintiff's daily activities. These are the same reasons upon

ORDER REVERSING AND REMANDING THE CASE - 7

which the ALJ relied in discounting Plaintiff's testimony. As the ALJ erred in relying upon these reasons to discount Plaintiff's testimony, the ALJ similarly erred in relying upon them in discounting Dr. Goldstein's opinion that Plaintiff's headaches would cause work absences and reduce her capacity to perform work when having headache attacks.

The record thus shows the ALJ did not sufficiently discuss Dr. Goldstein's treatment records as to headaches and erred in finding her opinion was inconsistent with the record. The Court accordingly concludes the ALJ failed to adequately address the supportability or consistency of Dr. Goldstein's opinion about work absence and harmfully erred.

For the reasons discussed above, the Court **REVERSES** the Commissioner's final decision. Plaintiff argues the Court should remand the case for calculation of an award of benefits. An award of benefits should be granted only when the record need not be assessed or developed further and only when no reasonable factfinder would find the claimant nothing other than disabled. Here, the ALJ relied upon grounds that were insufficient to discount Plaintiff's testimony and the opinions of Dr. Goldstein. The Court cannot say that in view of the entire record, there is nothing further to assess or weigh in determining Plaintiff's disability application. Further proceedings would thus not only be helpful but are necessary as it is the Commissioner that should weigh the evidence in the first instance, not the Court on appeal.

The Court accordingly **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reassess Plaintiff's testimony, the opinions and records of Dr. Goldstein; develop the record and reassess RFC as needed; and proceed to the remaining steps of the disability determination process as appropriate.

DATED this 4th day of April, 2024.

                                                                         _____
                                                                         BRIAN A. TSUCHIDA
                                                                         United States Magistrate Judge